Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARKEL INTERNATIONAL INSURANCE
COMPANY a/s/o MARCAO CORP.

      Plaintiff,   21 Civ.

  - against –

      **COMPLAINT**

ZIM INTEGRATED SHIPPING SERVICES, LTD.

      Defendant.
------------------------------------------------------------X

Plaintiff, MARKEL INTERNATIONAL a/s/o MARCAO CORP. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the Zim bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

2. At all material times, Markel International Insurance Company (hereinafter "Markel" or "Plaintiff") was and is an underwriter which existed under and by virtue of the laws of a foreign country with an office and place of business located at 20 Fenchurch Street, London,

EC3M 3AZ, United Kingdom, and is the subrogated underwriter of a consignment of Perfume Products, as more specifically described below.

3. At all material times, Marcao Corp, (hereinafter "Marcao" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 7622 SW 102 Street, Ste 120, Miami, FL and was the owner and consignee of a consignment of Perfume, as more specifically described below.

4. At all material times, defendant, ZIM INTEGRATED SHIPPING SERVICES LTD. (hereinafter "Zim" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about December 1, 2019, a consignment consisting of 892 Cartons Perfume Products, laden in container BSIU 9607055, then being in good order and condition, was delivered to Zim and/or its agents in Montevideo, Uruguay by cargo shipper Bom Port S.A. The cargo was booked for transit on board the M/V MSC CAROLINA in Montevideo destined for Port Everglades, Florida, all in consideration of an agreed upon freight, all pursuant to Zim bill of lading ZIMUMVD8006595 dated December 3, 2019.

7. Thereafter the container was loaded on board the M/V MSC CAROLINA on or about December 3, 2019, Zim bill of lading ZIMUMVD8006595 was issued, and the vessel sailed for her intended destination.

8. The M/V MSC CAROLINA arrived in Baltimore, Maryland on or about January 3, 2020, at which time the aforementioned container was discharged for cargo purposes.

9. On or about January 3, 2020 the marine terminal caused the container to be dropped, resulting in physical damage to the cargo and the container being unable to be re-loaded on board the MSC CAROLINA.

10. The cargo remained at the marine terminal in Baltimore for purposes of inspection.

11. On or about January 17, 2020, Zim had secured an alternate container, TCNU 5408074 to load the undamaged product for transport to final destination in Miami, Florida.

12. The cargo transit was then delayed due to the inability of Zim to secure a truck to transport the container.

13. The cargo eventually arrived at its destination in Miami, Florida in early March 2020.

14. As a result of the foregoing, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

15. The damage to the cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

16. The value of the destroyed and or damaged product was $446,842.00. The plaintiff incurred repacking expenses and various sorting expenses totaling $8,433.00. The damaged product was salvaged at $80,000. Thus, Marcao suffered a loss in the amount of $375,375.00.

17. As a result of the foregoing, Marcao suffered damages in the amount of $375,375.00.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between Macao and Markel, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Perfume Products.

19. Pursuant to the aforementioned contract of insurance between Macao and Markel, monies have been expended on behalf of Macao to the detriment of Markel due to the damages sustained during transit.

20. As Markel has sustained damages as a result of such expenditures, expenditures rightly the responsibility of defendant, Markel has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any claims for damages against the Defendant.

21. Macao has, in addition, assigned the deductible portion of its claim to Markel.

22. The Zim bill of lading provides for application of the laws of New York with jurisdiction in the United States District Court for the Southern District of New York.

23. As a result of the impact of COVID-19, Governor Andrew Cuomo issued various executive Orders resulting in the tolling of the statute of limitations for claims subject to jurisdiction in the Courts of New York which ran from March 2020 through November 3, 2020, or 133 days.

24. The pending statute of limitations in this matter is thus extended for 133 days beyond the one year anniversary of the delivery of the cargo in March 2020, which as of today's date is approximately 100 days from the original statute of limitations date.

25. As a result, the commencement of this action remains timely under the provisions of COGSA and the laws of the State of New York.

26. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $375,375.00.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

29. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

30. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $375,375.00.

31. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $375,375.00.

## AS AND FOR A SECOND CAUSE OF ACTION

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

33.     At the time of the aforementioned incident, Defendant together with the entities it hired to act on its behalf, was acting as bailee of the aforementioned cargo and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

34.     Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

35.     As a direct and proximate result of said breach of bailment by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $375,375.00.

36.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $375,375.00.

## AS AND FOR A THIRD CAUSE OF ACTION

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

38.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

39. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

40. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $375,375.00.

41. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $375,375.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $375,375.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 10, 2021
385-07

                                **CASEY & BARNETT, LLC**
                                Attorneys for Plaintiff

By: *Martin Casey*
       Martin F. Casey
       305 Broadway, Ste 1202
       New York, New York 10007
       (212) 286-0225